**CHANG RONG CHEN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 08–4343–ag.**

United States Court of Appeals, Second Circuit.

May 6, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Joan Xie, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; David Schor, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. PIERRE N. LEVAL and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Chang Rong Chen, a native and citizen of the People's Republic of China, seeks review of an August 15, 2008 order of the BIA denying his motion to reconsider. *In re Chang Rong Chen*, No. A70 579 126 (B.I.A. Aug. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). The BIA did not abuse its discretion in denying Chen's untimely motion to reconsider. Indeed, we find no error in the BIA's conclusion that Chen failed to exercise due diligence in pursuing reopening based on his claim of ineffective assistance of counsel where he did not describe taking any actions in his proceedings during more than five years of the period he sought to toll. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (citing several cases in which the Court held that "a petitioner who waits two years or longer to take steps to reopen a proceedings ha[d] failed to demonstrate

due diligence"). Because the BIA reasonably concluded that Chen failed to demonstrate due diligence in pursuing his case, it did not err in declining to toll the time period for filing his motion to reconsider and in denying his motion as untimely. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006) (requiring an alien to demonstrate due diligence as a factor independent from the requirement of demonstrating that former counsel's performance was ineffective).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).